**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **CHARLES HEAD,** | * |
| Plaintiff, | * |
| v. | *   Case No.: GJH-21-507 |
| **UNITED STATES DEPARTMENT OF JUSTICE,** *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION

While incarcerated at the Federal Correctional Institution in Cumberland, Maryland, ("FCI Cumberland"), self-represented Plaintiff Charles Head filed the above-captioned complaint for injunctive relief pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against the Department of Justice ("DOJ") and the Internal Revenue Service ("IRS"). ECF No. 1. Initially, Plaintiff claimed that the Federal Bureau of Prisons ("BOP") refused to conduct a search responsive to his request for a copy of his presentence investigation report ("PSR"); that the Executive Office of United States Attorneys ("EOUSA") likewise failed to conduct a search for the requested records and failed to provide him with a copy of his PSR; and that the IRS failed to respond to his FOIA request. *Id.* at 3-4. He sought an order directing the Defendant agencies to conduct a search responsive to his FOIA requests and to release to him the requested documents. *Id.* at 5-6.

On October 22, 2021, the IRS filed a Motion to Dismiss seeking dismissal of one of Plaintiff's two claims regarding a FOIA request for records from the IRS, on the grounds that Plaintiff failed to exhaust administrative remedies. ECF No. 16. On October 22, 2021, counsel

for the DOJ, EOUSA, and BOP (collectively, the "DOJ Defendants") filed a Motion to Dismiss or for Summary Judgment. ECF No. 17. Alternatively, the DOJ Defendants moved to transfer this case to the United States District Court for the District of Columbia, where Plaintiff had substantially similar claims pending. *Id.*

In response, Plaintiff filed a Motion for Judicial Notice stating that he moved to dismiss his claims in the DC Court (ECF No. 20), and that the Court dismissed such claims (ECF No. 26). Plaintiff also filed a Cross-Motion for Summary Judgment voluntarily dismissing all of his claims "with the exception of his two FOIA claims concerning the [DOJ Defendants'] failure to release to him a copy of his [PSR]" in 2020, and otherwise opposing the DOJ Defendants' motion. ECF No. 21. The DOJ Defendants responded to Plaintiff's Cross-Motion (ECF No. 24), and Plaintiff replied (ECF No. 25). On January 3, 2022, the DOJ Defendants filed a Motion for Extension of Time (ECF No. 27), which counsel later acknowledged was filed in error (ECF No. 28). On May 19, 2022, the Court received a Notice of Change of Address from Plaintiff indicating that he is now housed at FCI Mendota in Mendota, California. ECF No. 29.

No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). Plaintiff's Motion for Judicial Notice shall be granted, and his Cross-Motion for Summary Judgment shall be granted only to the extent he seeks to voluntarily dismiss all but two of his claims. Because no claims remain against the IRS, its Motion to Dismiss shall be denied as moot. Likewise, the DOJ Defendants' Motion for Extension shall be denied as moot. As explained below, this Court lacks jurisdiction to address what remains of Plaintiff's claims. Therefore, the case shall be transferred to the United States District Court for the District of Columbia for all further proceedings as may be deemed appropriate by that Court.

I. **BACKGROUND**

Plaintiff's remaining claims pertain to FOIA request number 2020-04803, which he submitted to the BOP, asking for a copy of his PSR ("BOP request"), and a similar request submitted to the EOUSA ("EOUSA request"). Complaint, ECF No. 1 at ¶¶ 6, 9; *see also* Cross-Motion, ECF No. 21 at 1.[1] Plaintiff claims that following submission of his BOP and EOUSA requests, the agencies did not "conduct a search for records responsive to Plaintiff's request and failed to provide Plaintiff with a copy of his [PSR]." ECF No. 1 at ¶¶ 7, 9. Plaintiff states that he subsequently appealed to the Office of Information Policy ("OIP"), which affirmed the decisions regarding both his BOP and EOUSA requests. *Id.*, *see also* OIP letter, ECF No. 1-4 at 2.

According to the DOJ Defendants, Plaintiff's BOP request was received on June 17, 2020. *See* BOP request, ECF No. 17-2 at 5. On July 8, 2020, the BOP informed Plaintiff that "BOP determined inmates that are not allowed to possess copies of a PSR while incarcerated."[2] Letter, ECF No. 17-2 at 13. In order to provide Plaintiff with access to his PSR, the BOP directed Plaintiff to "seek a local review of the requested records to view" by contacting staff at FCI Cumberland and making arrangements. *Id.* On July 23, 2020, Plaintiff appealed to the OIP, which affirmed the BOP's decision on September 1, 2020. *See* Appeal, ECF No. 17-2 at 16; OIP letter, ECF No. 17-2 at 18.

In its decisions affirming the rulings for both the BOP and EOUSA requests, the OIP explained to Plaintiff that although he could view his PSR, he would not be able to retain copies

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

[2] The DOJ Defendants note that as articulated in Program Statement 1351.05, Release of Information, PSRs contain information regarding the defendant's government assistance, financial resources, and/or community affiliations. ECF No. 17 at 2.

"because it has been determined that possession of it could reasonably be expected to cause physical injury or adversely affect the security, safety, or good order of the institution." ECF No. 1-4 at 2; ECF No. 17-2 at 18. The OIP also informed Plaintiff that he could request a copy of his PSR once he is released from prison. *Id.*

## II. DISCUSSION

Citing *United States Dep't of Justice v. Julian*, 486 U.S. 1 (1988) and *United States v. Pugh*, 69 F. App'x 628, 629 (4th Cir. 2003), Plaintiff argues that he is entitled to a copy of his PSR and his access to that document should not be limited to being given the opportunity to view it. ECF No. 21 at 4-5. Indeed, the Fourth Circuit stated in *Pugh* that "*Julian* stands for the . . . proposition: that under FOIA, an inmate is entitled to a copy of his or her own PSR from the Department of Justice ("DOJ"), the BOP, or the Parole Commission," and not simply to "view his or her own PSR and take handwritten notes." *Pugh*, 69 F. App'x at 629. The *Pugh* Court went on to say, however, that "pursuant to § 552(a)(4)(B), a FOIA action may be brought either: (1) where the complainant resides; (2) where the agency records are situated; or (3) the District of Columbia." *Id.* at 629–30.[3] As Plaintiff is no longer housed in FCI Cumberland, this Court lacks jurisdiction to rule on the matter. Thus, the case shall be transferred to the United States District Court for the District of Columbia.[4]

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judicial Notice shall be granted, as is his motion to voluntarily dismiss all but two of his claims. The IRS's Motion to Dismiss and the

---

[3] Section § 552(a)(4)(B) provides that "[o]n complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."

[4] This Court chooses not to transfer the case to the United States District Court for the Eastern District of California, where Plaintiff is currently housed, in the event that he is again transferred to a different institution.

5

DOJ Defendants' Motion for Extension shall be denied as moot. The DOJ Defendants' dispositive motion and Plaintiff's Cross-Motion for summary judgment remain pending as the case is transferred to the United States District Court for the District of Columbia for all further proceedings as may be deemed appropriate by that Court.

    A separate Order follows.

Date: August 5, 2022             ___/s/_____
                                                        GEORGE J. HAZEL
                                                        United States District Judge